THE CITY BANK OF NEW ORLEANS *v.* DANIEL TREADWELL WALDEN.

Defendant commenced an action to rescind a contract of loan for $200,000, the amount of which was secured by mortgage, and obtained an injunction to restrain the plaintiffs from summary proceedings under the mortgage until the further order of court. The injunction having been dissolved, himself and his sureties in the in_junction bond took a suspensive appeal, giving security in the sum of $6000. Plaintiffs thereupon applied for an order of seizure and sale, which was refused, on the ground of the pendency of the appeal from the order dissolving the injunction. On appeal by the plaintiffs from this judgment : *Held,* that a suspensive ap_peal having been taken from the judgment dissolving the execution, the injunction was thereby maintained until the final decision of the appellate court.

APPEAL from the District Court of the First District, *Buchanan*, J.

BULLARD, J. This case is a direct consequence of that of *Walden v. The City Bank of New Orleans*, just decided. After the injunction in that case, inhibiting the Bank from prosecuting an order of seizure and sale, had been dissolved, and a suspensive appeal had been allowed, the Bank presented a petition praying for an order of seizure and sale under their mortgage. To a rule to show cause why it should not be issued, the defendant answered, that he was ignorant of any such suit as that stated in the rule ; that he had never been cited ; and he denied the right of any corporate body or person to hold him to answer any such rule, the same being a nullity. He further answered, that the making of the rule absolute, would be a violation of the injunction yet in force, in the case of *Walden v. The City Bank*, (*ante* p. 165.) He also pleaded the pendency of the suit, putting in issue the contract on which the plaintiffs seek to obtain the order of seizure.

The rule was discharged, and the order of seizure and sale refused, and the Bank has appealed.

We are of opinion that the judge did not err. An appeal having been taken from the judgment dissolving the defendant's injunction within ten days, and bond with security having been given, as required by law, for a suspensive appeal, the judgment could have no effect pending the appeal. The injunction was, therefore, maintained in force by the effect of the appeal, until the question should be finally disposed of by the appellate court.

The judgment of the District Court is therefore affirmed with costs, without prejudice to the plaintiffs' right to their order of seizure and sale since the final decision of this court in the case of *Walden* v. *The City Bank of New Orleans*.

*Lockett, Micou,* and *L. Peirce,* for the appellants.

*Grymes* and *Hoffman,* contra.